**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:23-cv-02100-PAB-SBP

JOSEPH ROPER,

      Plaintiff,

v.

CLAYTON COOK, and
CRETE CARRIER CORPORATION

      Defendants.

---

**SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

The Scheduling Conference pursuant to Fed. R. Civ. P. 16(b) was held on October 18,

2023, at 9:00 a.m.  Appearances for the parties were:

| | |
|---|---|
| DezaRae D. LaCrue | Jason D. Cooper |
| Franklin D. Azar & Associates | TREECE ALFREY MUSAT P.C. |
| 14426 East Evans Ave. | 633 17th Street, Suite 2200 |
| Denver, CO 80014 | Denver, CO 80202 |
| Phone: (303) 757-3300 | Phone: (303) 292-2700 |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

**2. STATEMENT OF JURISDICTION**

On August 17, 2023, pursuant to 28 U.S.C. § 1441 *et seq.*, Defendants removed this

action from the District Court of the State of Colorado, Weld County.  This Court has subject

matter jurisdiction over this matter under 28 U.S.C. § 1332(a) because there is complete diversity

of citizenship between the parties and the amount in controversy exceeds $75,000.00.

## 3. STATEMENT OF CLAIMS AND DEFENSES

**Plaintiff:** On October 04, 2021, Plaintiff was involved in a motor vehicle accident in which he sustained injuries. At the time of the collision, Defendant Cook was driving a 2019 Freightliner commercial truck. The vehicle Defendant Cook was driving at the time of the collision was owned by Defendant Crete Carrier Corporation. Prior to the collision, Plaintiff was traveling Eastbound in front of Defendant Cook on Barley Avenue. Prior to the collision, Defendant Cook was traveling Eastbound on Barley Avenue. Plaintiff attempted to make a left turn onto Flint Street and was struck on the left side by the front right of Defendant Cook's vehicle. Defendant was negligent and caused the crash. Plaintiff's vehicle rolled and came to a stop on its left side. As a direct, proximately, and foreseeable result of Defendants' negligence, Plaintiff suffered physical injuries and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital, and doctor bills, permanency and/or impairment in amounts to be determined at the time of trial.

**Defendants:** Defendants deny that the accident occurred because of negligence on the part of any of the Defendants. Defendants further dispute the causation, extent, and nature of the injuries claimed in Plaintiff's Complaint as well as the amount of damages claimed.

Defendants maintain that Plaintiff's injuries and damages were or may have been caused by the negligence of Plaintiff herself, or of other third parties over whom Defendants had no control; accordingly, Defendants reserve the right to designate any such third parties who may be revealed by discovery as non-parties at fault as this matter progresses.

Defendants also maintain that Plaintiff's injuries and damages were caused in whole or in part by the assumption of a known, obvious, and visible risk.

Finally, Defendants contend that Plaintiff's injuries and damages are, in whole or in part, the result of a pre-existing condition and that Plaintiff has failed to mitigate his damages and losses.  The extent of injury and amount of damages claimed by Plaintiff are disputed.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1.      The collision occurred at the intersection of Barley Avenue and Flint Street in Fort Lupton, Colorado.

2.      At the time of the collision, Defendant Cook was driving a 2019 Freightliner.

3.      The vehicle Defendant Cook was driving at the time of the collision was owned by Defendant Crete Carrier Corporation.

4.      As a result of the collision, the 2019 Freightliner sustained damage.

5.      The Fort Lupton Police Department responded to the collision.

6.      Defendant Cook was employed by Crete Carrier Corporation at the time of the incident.

## 5. COMPUTATION OF DAMAGES

**Plaintiff:**

A.      Economic damages for medical expenses, itemized as follows:

| | |
|---|---|
| Platte Valley Medical Center | $16,250.15 |
| Brighton Community Emergency Physicians | $1,513.00 |
| Diversified Radiology of Colorado | $3,148.00 |

| | |
|---|---|
| Specialized Physical Therapy | $8,230.00 |
| Peak Orthopedics and Spine | $2,710.00 |
| OCC Imaging | $3,418.00 |
| North Suburban ER | $35,294.10 |
| CarePoint Physicians | $1,091.00 |
| Lincoln Surgery Center | $56,204.00 |
| Arete Surgical Center | $36,967.05 |
| North Colorado Spine & Orthopaedics | $3,407.75 |
| Pikes Peak Orthopedics | $27,194.00 |
| Health Images at Longmont | $1,742.00 |
| Velocity Neurocare, LLC | $35,000.00 |
| November January LLC | $1,280.00 |
| | |
| TOTAL | $233,449.05* |

*This amount will be supplemented as additional expenses are received

A.   Future medical expenses, if any.

B.   Adequate compensation for inconvenience, pain and suffering, loss of enjoyment of life, and mental anguish, to be determined at the time of trial.

D.   Adequate compensation for any permanent injury.

E.   Adequate compensation for any physical impairment and/or disfigurement and/or scarring.

F.   Interest from the date of the accident.

G.   Litigation costs.

**Defendant:**  None of the Defendants are claiming or seeking damages at this time but

reserve the right to amend their Answer to add claims for damages as this case progresses,

including, but not limited to, claims for attorney fees and costs.

**6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING**
**UNDER FED. R. CIV. P. 26(f)**

a.  Date of Rule 26(f) meeting

September 27, 2023.

b.  Names of each participant and party he/she represented.

For the Plaintiff: DezaRae D. LaCrue

For the Defendants: Jason D. Cooper

c.  Statement as to when Rule 26(a)(1) disclosures were made or will be made.

The parties' Rule 26(a)(1) disclosures will be served within 14 days of entry of a

Scheduling Order in this matter, November 1, 2023.

d.   Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ.

P. 26(a)(1).

See c. above.

e.  Statement concerning any agreements to conduct informal discovery:

None.

f.  Statement concerning any other agreements or procedures to reduce discovery and

other litigation costs, including the use of a unified exhibit numbering system.

Counsel agrees that they will work together on agreements and procedures to reduce the

cost of litigation.  Counsel agrees that, when possible, depositions via Zoom will be pursued.

Additionally, Counsel agrees to use a unified exhibit numbering system.

g.  Statement as to whether the parties anticipate that their claims or defenses will

involve extensive electronically stored information, or that a substantial amount of disclosure or

discovery will involve information or records maintained in electronic form.

The parties anticipate that their claims or defenses will involve the discovery of some electronically stored information.  To the extent that discovery or disclosures involve information or records in electronic form, the parties will take steps to preserve that information. The parties agree that, to the extent feasible, the parties will exchange information (whether in paper or electronic form) in PDF format, in accordance with the anticipated Stipulated Protective Order, and the protections afforded to confidential materials exchanged in discovery.

   h.   Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution, but at this juncture settlement appears premature.  The parties will continue to work together in good faith to determine whether the matter can be resolved.  To the extent there is a settlement meeting, the parties will report the result of any such meeting, and any similar future meeting, to the magistrate judge within 14 days of the meeting.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

   a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.  N/A. 25 interrogatories, including discrete subparts; 6 depositions per side, including experts.

   b.      Limitations which any party proposes on the length of depositions.

         The length of each deposition shall be limited to one (1) day of seven (7) hours on

6

the record.

c.     Limitations which any party proposes on the number of requests for production and/or requests for admission.

Requests for admission shall be limited to 20 per party; requests for production shall be limited to 20 per party.

d.     Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

The last written discovery requests shall be served upon any adverse party no later than forty-five (45) days prior to discovery cut off, April 23, 2024.

e.     Other Planning or Discovery Orders

N/A.

## 9. CASE PLAN AND SCHEDULE

a.     Deadline for Joinder of Parties and Amendment of Pleadings: **December 1, 2023**.

b.     Discovery Cut-off: **June 7, 2024**.

c.     Dispositive Motion Deadline: **July 12, 2024**.

d.     Expert Witness Disclosure:

1.     (a) Plaintiff: Plaintiff will endorse treating medical providers as non-retained experts to discuss injuries, causation, reasonableness of charges and future needs.  Plaintiff may retain an expert to present Mr. Roper's physical limitations and impairment.

(b) Defendants:  Defendants anticipate calling rebuttal experts to every substantive area in which Plaintiff discloses an expert witness and a biomechanical

expert.  Additionally, Defendant may endorse an expert who conducts a Fed. R. Civ. P. 35 examination of Plaintiff.

2.       The Parties agree to limit the number of retained affirmative experts to three (3) per side.  No more than one expert may be retained per specialty.

3.       Plaintiff shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **February 23, 2024**.

4.       Defendants shall designate all rebuttal experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **March 29, 2024**.

5.       Plaintiff shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **April 30, 2024**.

e.       Identification of Persons to Be Deposed:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Joseph Roper | TBA | TBA | 7 hours |
| Clayton Cook | TBA | TBA | 3 hours |
| Crete Carrier Corporation 30(b)(6) | TBA | TBA | 3 hours |
| Individuals identified in Parties' Rule 26(a)(1) disclosures | TBA | TBA | TBA |
| **Any expert disclosed by either side*** | TBA | TBA | 2-5 hours each |

**\*It is Defendants' position that expert depositions are unnecessary so long as all parties comply with FRE 702.**

8

The Court takes no position on this potential discovery dispute. If the parties are unable to resolve the dispute following a proper and full conferral, they shall present the issue to the Court by means of its discovery-dispute resolution procedures.

## 10. DATES FOR FURTHER CONFERENCES

a.      Status conferences will be held in this case at the following dates and times: None at this time. Future status conferences may be set at the request of the parties or the Court.

b.      Pursuant to Chief Judge Brimmer's Civil Practice Standards, a final pretrial conference will be held in this case on September 17, 2024 at 9:30 a.m. in Courtroom C205 before Magistrate Judge Prose. A Final Pretrial Order shall be prepared by the parties and submitted to the court by filing a copy on the docket and emailing a Word version to Chambers (prose_chambers@cod.uscourts.gov) on or before September 10, 2024. A Trial Preparation Conference and Trial will be set at a future date before Chief Judge Philip A. Brimmer.

## 11. OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

b.      Anticipated length of trial and whether trial is to the court or jury.

The Parties anticipate that the jury trial will take five (5) days.

c.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street,

Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301: None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 24th day of October, 2023.

BY THE COURT:

_____

Susan Prose
United States Magistrate Judge

APPROVED:

s/ DezaRae D. Crue                                    s/ Jason D. Cooper

DezaRae D. Crue                                       Robert J. Zavaglia, Jr.
Franklin D. Azar & Associates, P.C.                   Jason D. Cooper
14426 E. Evans Ave.                                   Treece Alfrey Musat P.C.
Denver, CO 80014                                      633 17th Street, Suite 2200
Phone: (303) 757-3300                                 Denver, CO 80202
lacrued@fdazar.com                                    (303) 292-2700
                                                      zavaglia@tamlegal.com
*Counsel for Plaintiff*                               jcooper@tamlegal.com

                                                      *Counsel for Defendants*